GASKILL *vs.* THE STATE OF GEORGIA.

An act provided that "no suit begun under this act shall be in any manner settled, or compromised, or dismissed, without the consent and written order of the judge entered on the minutes." In a suit under this act, an order was taken in open court, both parties being either present or represented by counsel, sanctioning a compromise agreed upon. This order was signed by counsel for the state, and was entered on the minutes, which were approved and signed by the judge on the same day:

*Held,* that if not conclusive, the minutes furnish at least the strongest presumptive evidence of the consent and written order of the court sanctioning the compromise.

Courts. Evidence. Judgments. Presumptions. Practice in the Superior Court. Before Judge HILLYER. Fulton Superior Court. September Term, 1879.

A *fi. fa.* in favor of the state *vs.* Gaskill was levied on certain property, which was claimed by Gaskill *et al.* On the trial claimants moved to dismiss the levy because of defects in the *fi. fa.;* the motion was sustained and the levy dismissed. Counsel for the state then moved to amend the *fi. fa.* so as to make it conform to the judgment. Defendant's counsel resisted this motion on the ground that there was no legal judgment to amend by. It appeared that the suit was originally brought by the state, on the information of C. P. McCalla, against Gaskill, to recover $15,000.00 under the act of December 15th, 1871, in relation to the recovery of money, etc., stolen or unlawfully or fraudulently converted or detained from the state. This act provided that no suit brought under it should be settled, or compromised, or dismissed, "without the consent and written order of the judge entered on the minutes." A compromise was agreed upon between the parties, and both being present or represented, an order was taken in open court in accordance with the terms agreed upon. This order, after stating the nature of the compromise, closed thus: "By the court. (Signed) John T.

Glenn, Solicitor General." It was entered upon the minutes, which were approved and signed by the court. The question was whether the compromise was legal under the act of 1871, so as to form the basis of an execution. The court held that it was, and defendant excepted.

JNO. A. WIMPY; McCAY & ABBOTT, for plaintiff in error.

R. N. ELY, attorney-general; COLLIER & COLLIER; MYNATT & HOWELL, for the state.

WARNER, Chief Justice.

The only question presented by the record and the bill of exceptions in this case is whether the compromise and settlement of the case, as it appears in the record, was made with the consent and written order of the judge, as required by the 11th section of the act of 1871, which declares that "No suit begun under this act shall be in any manner settled, or compromised, or dismissed, without the consent and written order of the judge entered on the minutes." It appears from the record that an order was taken in open court, both parties being either present or represented by counsel, sanctioning the compromise, which order was entered on the minutes of the court; and it further appears that said minutes of the court were examined and approved by the presiding judge the same day the order of compromise was entered thereon. The minutes of the court, if not conclusive evidence of the consent and written order of the court sanctioning the compromise, furnish the strongest sort of presumptive evidence of that fact, if the public records of the courts are presumed to speak the truth. In our judgment the record furnishes sufficient evidence that the compromise of the suit received the consent and approval of the judge and the court, in accordance with the provisions of the act of 1871.

Let the judgment of the court below be affirmed.